IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KYUNG PALMER, | ) |
|                 Plaintiff, | ) |
| v. | ) No. 20 cv 2603 |
| CITY OF MARKHAM and TERRY WHITE, | ) |
|                 Defendants. | ) |

## COMPLAINT

NOW COMES the Plaintiff, KYUNG PALMER, by and through counsel, SHILLER PREYAR JARARD & SAMUELS, and complaining of the defendants, CITY OF MARKHAM and TERRY WHITE, states as follows:

### INTRODUCTION

This is a civil action seeking damages against the defendants for depriving Plaintiff of her rights secured by the Constitution and laws of the United States.

### JURISDICTION

1. The jurisdiction of this Court is invoked pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., the judicial code 28 U.S.C. § 1331 and 1343 (a); the Constitution of the United States.

2. Pendent jurisdiction as provided under 28 U.S.C. § 1367(a).

### PARTIES

3. Plaintiff KYUNG PALMER is a citizen of the United States of America, who, at all times relevant, resided in Cook County, Illinois. Her sex is female.

1

4. Defendant CITY OF MARKHAM ("City") is a municipal corporation duly incorporated under the laws of the State of Illinois, and at all times relevant, was the employer and principal of Plaintiff and Defendant White.

5. Defendant TERRY WHITE was, at all times relevant, the Chief of Police for the City of Markham. He engaged in the conduct complained of in the course and scope of his employment and under color of law. He is sued in his individual capacity.

## ADMINISTRATIVE REQUIREMENTS

6. In March 2019, Plaintiff filed her original charge with the Illinois Department of Human Rights and was subsequently issued a right to sue.

7. In December of 2019, Plaintiff filed a second charge with the Illinois Department of Human Rights related to her unlawful termination and requested a right to sue.

## FACTS

8. Plaintiff Kyung Palmer had been an officer with the Markham Police Department for 10 years prior to her termination.

9. Out of 40 officers, only six were women.

10. At all times relevant, Plaintiff's performance a police officer met the expectations of Chief Terry White and the Markham Police Department.

11. Despite this, Defendants denied Plaintiff equal terms and conditions of employment as her similarly-situated male counterparts.

12. This included, but is not limited to:

    a. subjecting her to harassment and belittlement;

    b. denying her paid time off;

    c. removing from her assignment and involuntarily changing her schedule (and thus subjecting to her ridicule and embarrassment, and placing her in less desirable work environments);

    d. promoting male officers above her;

    e. denying her the same opportunities to undergo training (and thus advance her career);

    f. using belittling and condescending language to and about her in front of her counterparts;

    g. reducing her work hours; and

    h. termination.

13. In retaliation for Plaintiff filing a claim with IDHR, Defendants terminated Plaintiff on 3 July 2019.

14. In so doing, Defendants tried to make Plaintiff sign paperwork waiving her claims in exchange for $3,000.

15. The acts of the Defendants were intentional, willful, and wanton, and have continued even after her termination.

16. For example, after being hired by a subsequent police department, Defendant White called her new employer on more than one occasion and attempted to get her fired.

17. As a direct and proximate result of the unlawful actions of the defendant, Plaintiff was injured, including pain and suffering, humiliation, embarrassment, fear, emotional trauma, mental anguish, the deprivation of her constitutional rights and dignity, interference with a normal life, lost time, and attorneys' fees.

### COUNT I: SEX DISCRIMINATION & HARRASSMENT

18. Plaintiff realleges each of the foregoing counts as if fully set forth here.
19. Plaintiff belonged to a protected class, female, and reasonably met Defendant's legitimate job expectations.
20. Defendant took adverse employment actions against Plaintiff, including subjecting her to unwelcome harassment that unreasonably interfered with her work performance by creating an environment that was intimidating, hostile, and offensive on the basis of her sex.
21. Defendant treated her less favorably than similarly-situated male counterparts.

WHEREFORE the Plaintiff, KYUNG PALMER, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., demands judgment against the Defendant, CITY OF MARKHAM, for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT I: RETALIATION

22. Plaintiff realleges each of the foregoing counts as if fully set forth here.
23. Plaintiff belonged to a protected class, female, and reasonably met Defendant's legitimate job expectations.

24. Plaintiff engaged in protected conduct by filing a claim with the Illinois Department of Human Rights against Defendants.

25. Defendants then terminated Plaintiff in retaliation for engaging in the protected activity.

WHEREFORE the Plaintiff, KYUNG PALMER, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., demands judgment against the Defendant, CITY OF MARKHAM, for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

## COUNT III: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

26. Plaintiff realleges each of the foregoing counts as if fully set forth here.

27. The acts and conduct of the Defendants and their agents, as set forth above, were extreme and outrageous.

28. In particular, the conduct of treating Plaintiff less favorably than her male counterparts placed Plaintiff in a state of anxiety, fear, humiliation, and severe emotional distress.

29. Defendants intended to, or were in reckless disregard of the probability that their conduct would, cause severe emotional distress to Plaintiff.

30. The conduct of Defendants was undertaken with malice, willfulness, and reckless indifference to Plaintiff's rights.

31. The misconduct was undertaken by Defendants' agents occurred within the scope and course of their employment and as agents of the City of Markham.

32. The City of Markham is liable both under a *respondeat superior* theory.

WHEREFORE the Plaintiff, KYUNG PALMER, demands judgment against the Defendants, CITY OF MARKHAM and TERRY WHITE, for compensatory damages, costs, expenses, and such other and additional relief as this Court deems equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Dated: 29 April 2020                      Respectfully Submitted,

                                                   **KYUNG PALMER**

By:   /s/Jeanette Samuels
                *One of Plaintiff's Attorneys*

Jeanette Samuels
SHILLER PREYAR JARARD & SAMUELS
601 South California Avenue
Chicago, Illinois 60612
T: 312-226-4590
F: 773-346-1221
E: sam@spjslaw.com