IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KYUNG PALMER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 20 cv 2603 |
| | ) | |
| CITY OF MARKHAM and TERRY WHITE, | ) ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT TERRY WHITE'S ANSWER TO AMENDED COMPLAINT**

**JURISDICTION**

The Defendant, TERRY WHITE, by and through his attorney, Sean M. Sullivan of DEL GALDO LAW GROUP, LLC, in answer to Plaintiff's Amended Complaint states:

1. The jurisdiction of this Court is invoked pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., the judicial code 28 U.S.C. § 1331 and 1343 (a); the Constitution of the United States.

**ANSWER:** Defendant White admits the allegations contained in paragraph 1.

2. Pendent jurisdiction as provided under 28 U.S.C. § 1367(a).

**ANSWER:** Defendant White admits the allegations contained in paragraph 2.

**PARTIES**

3. Plaintiff KYUNG PALMER is a citizen of the United States of America, who, at all times relevant, resided in Cook County, Illinois. Her sex is female.

**ANSWER:** Defendant White admits the allegations contained in paragraph 3.

4. Defendant CITY OF MARKHAM ("City") is a municipal corporation duly incorporated under the laws of the State of Illinois, and at all times relevant, was the employer and principal of Plaintiff and Defendant White.

**ANSWER: Defendant White admits the City is an Illinois municipal corporation and was his employer at the times relevant hereto. Defendant denies all remaining allegations in paragraph 4.**

5. Defendant TERRY WHITE was, at all times relevant, the Chief of Police for the City of Markham. He engaged in the conduct complained of in the course and scope of his employment and under color of law. He is sued in his individual capacity.

**ANSWER: Defendant White admits that he was the Chief of Police for the City of Markham since approximately October 3rd, 2018 and remains the Chief of Police for the City and that Plaintiff purports to sue him in his individual capacity and alleges that he was acting within the course and scope of his employment and under color of law, but denies that any events occurred upon which to base liability.**

## ADMINISTRATIVE REQUIREMENTS

6. In March 2019, Plaintiff filed her original charge with the Illinois Department of Human Rights and was subsequently issued a right to sue.

**ANSWER: Defendant White admits that plaintiff filed a charge with IDHR alleging discrimination against the City in or about March 2019 and that upon IDHR's dismissal of the charge for lack of substantial evidence on January 30, 2020, IDHR gave her notice of a right- to-sue in Illinois circuit court. Defendant denies that Plaintiff received a right-to-sue letter from the Equal Employment Opportunity Commission permitting her to file in his Court.**

7. In December of 2019, Plaintiff filed a second charge with the Illinois Department of Human Rights related to her unlawful termination and requested a right to sue.

**ANSWER: Defendant White admits that in or about December 2019, Plaintiff filed two additional charges of discrimination and/or retaliation against the City and Chief White, respectively. Defendant admits that Plaintiff received a notice from IDHR of her right-to-sue in Illinois circuit court after the charges were dismissed following her voluntary decision to opt-out of further investigation of the charges by IDHR. Defendant denies that Plaintiff received a right-to-sue letter from the Equal Employment Opportunity Commission permitting her to file in his Court.**

## FACTS

8. Plaintiff Kyung Palmer had been an officer with the Markham Police Department for 10 years prior to her termination.

**ANSWER: Defendant White admits that plaintiff had been a part-time patrol officer with the City for approximately 10 years before all part-time officers were let go by the City in 2019.**

9. Out of 40 officers, only six were women.

**ANSWER: Defendant White denies the allegations contained in paragraph 9.**

10. At all times relevant, Plaintiff's performance a police officer met the expectations of Chief Terry White and the Markham Police Department.

**ANSWER: Defendant White denies the allegations contained in paragraph 10.**

11. Despite this, Defendants denied Plaintiff equal terms and conditions of employment as her similarly-situated male counterparts.

**ANSWER: Defendant White denies the allegations contained in paragraph 11.**

12. This included, but is not limited to:

   a. subjecting her to harassment and belittlement;

   b. denying her paid time off;

   c. removing from her assignment and involuntarily changing her schedule (and thus subjecting to her ridicule and embarrassment, and placing her in less desirable work environments);

   d. promoting male officers above her;

   e. denying her the same opportunities to undergo training (and thus advance her career);

   f. using belittling and condescending language to and about her in front of her counterparts;

   g. reducing her work hours; and

   h. termination.

**ANSWER: Defendant White denies the allegations contained in paragraph 12 and all of its subparts.**

13. In retaliation for Plaintiff filing a claim with IDHR, Defendants terminated Plaintiff on 3 July 2019.

**ANSWER: Defendant White admits that plaintiff's part-time employment was terminated in or about July 2019, when the City let go of all part-time officers as part of a reduction-in-force. Defendant denies all remaining allegations in paragraph 13.**

14. In so doing, Defendants tried to make Plaintiff sign paperwork waiving her claims in exchange for $3,000.

**ANSWER: Defendant White denies the allegations contained in paragraph 14.**

15. The acts of the Defendants were intentional, willful, and wanton, and have continued even after her termination.

**ANSWER: Defendant White denies the allegations contained in paragraph 15.**

16. For example, after being hired by a subsequent police department, Defendant White called her new employer on more than one occasion and attempted to get her fired.

**ANSWER: Defendant White denies the allegations contained in paragraph 16.**

17. As a direct and proximate result of the unlawful actions of the defendant, Plaintiff was injured, including pain and suffering, humiliation, embarrassment, fear, emotional trauma, mental anguish, the deprivation of her constitutional rights and dignity, interference with a normal life, lost time, and attorneys' fees.

**ANSWER: Defendant White denies the allegations contained in paragraph 17.**

## COUNT I: SEX DISCRIMINATION & HARRASSMENT

Defendant Terry White offers no response to the allegations contained in Count I as the allegations contained in Count I are directed at the City of Markham and not Defendant Terry White. To the extent the allegations may be construed as alleged against Chief of Police Terry White, Defendant White denies the allegations contained in Count I.

## COUNT II: RETALIATION

Defendant Terry White offers no response to the allegations contained in Count II as the allegations contained in Count II are directed at the City of Markham and not Defendant Terry White. To the extent the allegations may be construed as alleged against Chief of Police Terry White, Defendant White denies the allegations contained in Count II.

## COUNT III: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

26. Plaintiff realleges each of the foregoing counts as if fully set forth here.

**ANSWER: Defendant White Defendant restates his answers and responses to each of the foregoing paragraphs as if fully set forth herein.**

27. The acts and conduct of the Defendants and their agents, as set forth above, were extreme and outrageous.

**ANSWER: Defendant White denies the allegations contained in paragraph 27.**

28. In particular, the conduct of treating Plaintiff less favorably than her male counterparts placed Plaintiff in a state of anxiety, fear, humiliation, and severe emotional distress.

**ANSWER: Defendant White denies the allegations contained in paragraph 28.**

29. Defendants intended to, or were in reckless disregard of the probability that their conduct would, cause severe emotional distress to Plaintiff.

**ANSWER: Defendant White denies the allegations contained in paragraph 29.**

30. The conduct of Defendants was undertaken with malice, willfulness, and reckless indifference to Plaintiff's rights.

**ANSWER: Defendant White denies the allegations contained in paragraph 30.**

31. The misconduct was undertaken by Defendants' agents occurred within the scope and course of their employment and as agents of the City of Markham.

**ANSWER: Defendant White denies the allegations contained in paragraph 31 that he committed any misconduct in his interactions with Plaintiff.**

32. The City of Markham is liable both under a *respondeat superior* theory.

**ANSWER: Defendant White denies the allegations contained in paragraph 32.**

WHEREFORE, Defendant, TERRY WHITE, requests judgment in his favor and against Plaintiff with costs assessed against Plaintiff and in favor of CHIEF TERRY WHITE, and for such other relief as this Court deems just and proper.

                                                                                             Respectfully submitted,
                                                                                              TERRY WHITE

                                                                             */s/ Sean M. Sullivan*
                                                                            Sean M. Sullivan
                                                                   One of the Defendant's Attorneys

K. Austin Zimmer (#6276227)
Sean M. Sullivan (#6204611)
Del Galdo Law Group, LLC
1441 S. Harlem Ave.
Berwyn, IL  60402
(708) 222-7000
(708) 222-7001 Fax
zimmer@dlglawgroup.com
sullivan@dlglawgroup.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KYUNG PALMER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) No. 20 cv 2603 |
| CITY OF MARKHAM and TERRY WHITE, | ) ) ) ) |
| Defendants. | ) ) |

**AFFIRMATIVE DEFENSES**

NOW COMES, Defendant, Terry White, by and through his attorney, Sean M. Sullivan of Del Galdo Law Group, LLC, and hereby sets forth his affirmative defenses to Plaintiff's Amended Complaint as follows:

1. At all times relevant hereto, there was in effect in Illinois, a statute commonly known as the Local Governmental and Governmental Employees Tort Immunity Act ("Tort Immunity Act"), 745 ILCS 10/1-101, et seq.

2. Plaintiff failed to file her state law tort claim (Count III) against defendant Terry White within the applicable one-year limitations period set forth in the Illinois Local Governmental and Governmental Employees Tort Immunity Act. Therefore, Plaintiff's claim against Defendant White is time-barred pursuant to the applicable statute of limitations and must be dismissed and/or defendants granted judgment on the same.

3. Plaintiff brings a state law tort claim for intentional infliction of emotional distress against Defendant Terry White in Count III of the Amended Complaint. Defendant White is immune from liability for such a claim pursuant to the Illinois Local Governmental and

8

Governmental Employees Tort Immunity Act. Accordingly, Count III must be dismissed and/or defendant is entitled to judgment on the same.

4. Under the Tort Immunity Act, Chief Terry White, a public employee, is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused. 745 ILCS 10/2-201. Accordingly, Plaintiff's claims against Chief Terry White are barred, in whole or in part, by the Tort Immunity Act.

5. Under the Tort Immunity Act, Chief Terry White, a public employee, is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct. 745 ILCS 10/2-202. Accordingly, Plaintiff's claims against Chief Terry White are barred, in whole or in part, by the Tort Immunity Act.

6. Under the Tort Immunity Act, Chief Terry White, a public employee, as such and acting within the scope of his employment, is not liable for an injury caused by the act or omission of another person. 745 ILCS 10/2-204. Accordingly, Plaintiff's claims against Chief Terry White are barred, in whole or in part, by the Tort Immunity Act.

7. At all relevant times, Chief Terry White acted as a police officer and the Chief of Police for the City of Markham and therefore is entitled to qualified immunity for his actions, as he was not acting in his individual capacity.

8. To the extent that Plaintiff is entitled to any damages, which Chief Terry White expressly denies, Plaintiff failed to use reasonable efforts to mitigate those damages, and Plaintiff's damages, if proven, should be eliminated or reduced accordingly.

9. To the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by negligent, willful, wanton, and/or other wrongful conduct on the part of Plaintiff, any verdict or judgment obtained by Plaintiff must be reduced by application of

the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiff by the jury in this case, and, if Plaintiff's fault is determined to exceed fifty percent (50%) of the total cause, then Plaintiff must be barred from recovery herein.

WHEREFORE, Defendant, TERRY WHITE, requests judgment in his favor and against Plaintiff with costs assessed against Plaintiff and in favor of CHIEF TERRY WHITE, and for such other relief as this Court deems just and proper.

Pursuant to F. R. Civ. P. 38 Defendant demands trial by jury for all claims triable by jury.

                                            Respectfully submitted,
                                            TERRY WHITE

                                            */s/ Sean M. Sullivan*
                                            Sean M. Sullivan

K. Austin Zimmer (#6276227)
Sean M. Sullivan (#6204611)
Del Galdo Law Group, LLC
1441 S. Harlem Ave.
Berwyn, IL  60402
(708) 222-7000
(708) 222-7001 Fax
zimmer@dlglawgroup.com
sullivan@dlglawgroup.com