IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KYUNG PALMER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 20 cv 2603 |
| | ) | |
| CITY OF MARKHAM and TERRY WHITE, | ) | Judge Gottschall |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANTS' INTERROGATORIES

NOW COMES the Plaintiff, KYUNG PALMER, by and through her counsel, SHILLER PREYAR JARARD & SAMUELS, pursuant to Fed. R. Civ. P. 33, answering the Interrogatories of the Defendants, CITY OF MARKHAM. In support thereof, Plaintiff states as follows:

1. State your full name, date of birth, and any alias names and all residential addresses and telephone numbers used by you for the 10 years immediately preceding the filing of this action.

ANSWER: Plaintiff objects that this interrogatory is overly broad in terms of time and scope. Subject thereto, and without waiving said objections, Plaintiff states: Keyung LaNiece Palmer, 17310 Wooded Path Drive, Apt. 2NW, East Hazel Crest, IL(past six years), 708.692.7764.

2. For each count in your Complaint, identify the full name, last known address, and telephone number of each person whom you believe witnessed or claims to have witnessed or otherwise possess personal knowledge the occurrence or occurrences alleged in each count.





ANSWER: Sgt. Walker, Kenneth Muldrow, Joseph Johnston, Tiffany Mert, Domenica Tolbert, Monique Woods, Raquel Dawson, and Eddie Winters. The addresses and telephone numbers for each of the listed witnesses should be in the possession of the defendants.

3. Excluding those persons already identified in your answer to Interrogatory No. 2, for each count in your Complaint, identify the full name, last known address, and telephone number of each and every person whom you believe otherwise possesses, or claims to possess any knowledge or information of the allegations in your counts.

ANSWER: Roy Tolbert, Dushawn Walker, and Sheldon Crawford. The addresses and telephone numbers for each of the listed witnesses should be in the possession of the defendants.

4. For all of the persons listed in your answers to Interrogatories Nos. 2 and 3, identify all communications or statements taken or received from each of them- or given by you to them- identifying the person or persons involved in each such communication or statement and witnesses to the same, the approximate date of the communication or statement, the nature and content of the communication or statement, and the names and addresses of persons who possess or control any printed, written, or recorded versions of the communications or statements (in any media).

ANSWER: Other than those produced, none.

5. Have you or anyone acting on your behalf, including any attorney, investigator or representative, had a conversation or interview with any persons or witnesses related to the occurrences or claims raised in your Complaint? If yes, identify the parties to the conversation or interview and the names of anyone else present, the date, time and location of the conversation or interview, and what was stated during the

conversation or interview.

ANSWER: No.

6. Have you suffered any personal injury, illness, disease or other physical or mental condition or symptoms which you claim to have been caused by, originated after, or are otherwise related to any claims or occurrences identified in the Complaint. If yes, then identify in detail all such personal injuries, illnesses, diseases or other physical or mental conditions, symptoms, or ailments, the general date of onset, and the frequency with which you claim to experience the same.

ANSWER: Other than emotional distress, no.

7. For all such personal injuries, illnesses, diseases or other physical or mental conditions, symptoms, or ailments identified by you in your answer to Interrogatory No. 6, state whether you sought treatment from health care providers or therapists of any kind and for each such provider or therapist identify the (a) name and office address of the provider or therapist and treatment or therapy location; (b) nature of injury, illness, ailment, or symptom for which treatment was sought from each person or facility; (c) the dates of treatments, tests, or services received by you; (d) the results of any tests or diagnostic procedures given to you; and (e) any diagnosis or prognosis given to you; and (f) medicines or other treatments prescribed.

ANSWER: Other than emotional distress, no. I treat with Doctor Haywood, MINDFUL WELLNESS COUNSELING, 935 175TH ST, HOMEWOOD, IL 60430-2049.

8. Have you ever been named a defendant or party in any criminal, quasi-criminal or civil case before any court or administrative board? If so, state the following:

      a)   the court or administrative board, the county, branch or circuit;

      b)   the case number;

      c)   the charge or charges placed against you;

      d)   the plea to such charge;

      e)   the present status relative to each such charge; and

      f)   if disposed of the nature of such disposition.

ANSWER: No.

9. Prior to filing Charges No. 2019CF1525 and Charges Nos. 2020CF1565 and 2020CF1566 with the Illinois Department of Human Rights, did you file any internal complaint or complaints with the City of Markham or any of its departments, employees, or agents complaining or seeking an investigation of any of the claims, occurrences, or other matters raised by you in the aforementioned charges and/or in this Complaint? If yes, then describe how each complaint was submitted or communicated (including whether written or oral), the date of communication or submission, the specific activities, occurrence, or treatment complained of, to whom it was submitted, and the result or resolution of the complaint(s).

**ANSWER: Yes. I complained to my sergeant. I am not sure what she did after receiving my complaints.**

10. Other than the Illinois Department of Human Rights Charges related to this matter (See Interrogatory No. 9), have you ever filed any other charge or complaint alleging discrimination of any kind, harassment, or retaliation against the City or against any other employer or supervisor? Is so, identify the charge of complaint

by name (including defendant or respondent), filing or docket number, basis of the charge or complaint, the date of filing, the venue, status of the charge or complaint, and final resolution or result if resolved.

ANSWER: No.

11. Identify all other persons, businesses, entities, or agencies for which you applied for outside or supplemental employment while employed as a police officer for the City of Markham. For each such application identified, state whether you were hired, and if so, the name of the employer and immediate supervisor, position title or name, the nature of work, salary or wage, and length or period of employment, and reason for separation from employment.

ANSWER: Wal-mart, Security – approx. $25/hour – Im not sure when I began but it concluded in or around June of 2018 - left because was no longer employed by Markham PD Markham Rodeo, Security – approx. $20-50/hour – 2-3 years from approx. 2015-2017 – change in vendor

12. Identify all other persons, businesses, entities, or agencies for which you applied for employment since your employment with the City of Markman ended. For each such application identified, state whether you were hired, and if so, the name of the employer and immediate supervisor, position title or name, the nature of work, salary or wage, and length or period of employment, and reason for any subsequent separation from employment.

ANSWER: Harvey PD - $56k yearly – I was hired as a full-time patrol officer

13. Identify all instances of harassment and belittlement" you suffered as a City patrol officer, as alleged in the Complaint, including in paragraph 12.a., stating the

nature of the conduct or occurrences, the names of the persons harassing or belittling you, the dates of such conduct or occurrences, the names of other persons or witnesses present, and whether you reported the same to a City employee or agent.

ANSWER: Plaintiff objects to the extent this interrogatory seeks a narrative answer more appropriately the subject of a deposition. Subject thereto, and without waiving said objections, Plaintiff states: Examples that I can recall include, but are not limited to, when he called me ignorant, asked "am I supposed to be the police?", told me "women aren't supposed to be the police," I was called an "ignorant black woman" by Officer Carey. However, when I complained, he said "what do you expect to happen?" because Carey was friends with Chief White and Lt. Bloom nothing happened to Carey. Additionally, when White first became Chief, he came to rollcall and said it would be a "nightmare". He repeatedly said females shouldn't be police officers.

14. Identify all instances you were denied paid time off as alleged in the Complaint, including in paragraph 12.b., stating the dates you made the request, how or to whom you made the requests, the reasons given to you for the denials, and why you think any denials were based on your sex, discrimination, or retaliation.

ANSWER: At this time, I can recall 17 March 2018, Christmas of 2018, and June of 2019. I made the requests consistent with the department's policy and practices. Investigation continues.

15. Identify all instances since October 1, 2018, through the present that your requests for paid time off were granted, stating the dates you made the requests, how or to whom you made the requests, and how you learned the requests were granted.

ANSWER: I am unaware of any specific dates.

16. Identify each instance that you were "removed from an assignment" and/or your schedule "involuntarily changed" as alleged in the Complaint, including in paragraph 12.c., and state the dates of such changes or occurrences, what change was

made, who made the decision, how you learned of the change, and why you believe the change was based on your sex, discrimination, or retaliation.

ANSWER: At this time, I can specifically recall that the City Hall assignment and the City Courts assignment were taken from me; furthermore, they paid Jerald Jackson on his days off to come and do it. Jerald is a male.

17. Identify each instance in which a male officer was promoted above you as alleged in paragraph 12.d. of the Complaint, identifying the officer promoted, the position or assignment involved, the date you sought or applied for the position or assignment, and why you were more qualified than the officer promoted.

ANSWER: Jerald Jackson was promoted to a full-time officer. I was hired before him and had seniority. I was qualified and would have only needed the two-week refresher course whereas he hadn't gone to the academy despite being given a prior opportunity. Investigation continues.

18. Identify each instance for which you were denied an "opportunity to undergo training" through the police department (or outside agency) as alleged in paragraph 12.e. of the Complaint, stating the nature of the training, the date you applied for such training, who denied you the opportunity and any reasons given to you for the denial, and why you believe any denial was based on your sex, discrimination, or retaliation.

ANSWER: At this time, I can specifically recall the Active Shooting Drill – they had a white officer do the training instead of me and it wasn't offered to me at the beginning of 2019. Investigation continues.

19. Identify all "belittling and condescending language to and about you" as referred to in paragraph 12.f. of the Complaint, stating the exact words used, the dates and locations you heard or learned of such language, who stated the language,

whether you heard the language directly or indirectly from other persons, the name of persons telling you about such language being used and referring to you, and the names of all witnesses to such language or occurrences.

ANSWER: Plaintiff objects to the extent this interrogatory seeks a narrative answer more appropriately the subject of a deposition. Subject thereto, and without waiving said objections, Plaintiff states: Examples that I can recall include, but are not limited to, when he called me ignorant, asked "am I supposed to be the police?", told me "women aren't supposed to be the police," I was called an "ignorant black woman" by Officer Carey. However, when I complained, he said "what do you expect to happen?" because Carey was friends with Chief White and Lt. Bloom nothing happened to Carey. Additionally, when White first became Chief, he came to rollcall and said it would be a "nightmare". He repeatedly said females shouldn't be police officers.

20. Identify each instance that that your work hours were reduced as alleged in paragraph 12.g. of the Complaint, stating the exact nature and date of any reductions, who made the decision to reduce your hours, any reason given to you about the reduction, and why you believe any such reduction was based on your sex, discrimination, or retaliation.

ANSWER: I cannot recall all specific dates; however, I know it was related to sex because it happened when he became the chief and he said that women shouldn't be cops. I was taken down to 24 hours/3 days a week even though Jerald Jackson was working more hours/5 days a week.

21. For your termination from employment as alleged in the Complaint, identify when and by whom you were notified of the termination, any statements made about the reason(s) for the termination, the names of all City employees with whom you discussed the termination, and why you believe the termination was based on your sex, discrimination, or retaliation.

ANSWER: I learned from word of mouth by other employees. Then in June I got a letter saying that a date certain would be my last day. HR, Ashley, then called me about a severance package. The male part-time officer was promoted to full time when he wasn't even eligible to be a full-time officer (i.e. he hadn't gone to the academy despite being given a prior opportunity). Also, I was hired before him and had seniority. I was qualified and would have only needed the two-week refresher course.

22. Identify the "unwelcome harassment" and "intimidating, hostile, and offensive" work environment alleged in paragraph 20 of the Complaint, identifying all persons involved in such harassment or intimidation, the dates of such treatment, the nature of any statements or conduct you found offensive, harassing, and intimidating, and any witnesses to the same.

ANSWER: Plaintiff objects to the extent this interrogatory seeks a narrative answer more appropriately the subject of a deposition. Subject thereto, and without waiving said objections, Plaintiff states: Examples that I can recall include, but are not limited to, when he called me ignorant, "am I supposed to be the police?", "women aren't supposed to be the police," when I was called an "ignorant black woman" by Officer Carey. When I complained, he said, "what do you expect to happen?" because Carey was friends with Chief White and Lt. Bloom. Nothing happened to Carey. When White first became Chief, he came to rollcall and said it would be a "nightmare". He said females shouldn't be police officers. He would ignore me when we were the only persons present, even if I addressed him.

23. With respect to adverse employment actions and harassing or offensive conduct alleged by you in the Complaint (including the conduct identified in paragraphs 12 and 20 of the Complaint) identify all statements or communications to or about you related to such actions or conduct and explicitly referencing your sex or otherwise referring to you being a female officer.

ANSWER: Plaintiff objects pursuant to Fed. R. Civ. P. 33 that this is a premature contention interrogatory. Plaintiff will seasonably supplement this answer closer to the end of discovery.

24. With respect to any adverse employment actions and harassing or offensive conduct alleged by you in the Complaint (including the actions and conduct identified in paragraphs 12 and 20 of the Complaint) identify all statements or communications to or about you related to such actions or conduct and explicitly referencing your having filed prior or pending charges of discrimination against the City or any of its employees.

ANSWER: Plaintiff objects pursuant to Fed. R. Civ. P. 33 that this is a premature contention interrogatory. Plaintiff will seasonably supplement this answer closer to the end of discovery.

25. Identify all persons who you intend to call as witnesses on your behalf, including controlled or opinion witnesses, at any trial in this matter, stating the nature of the topics on which each will testify, including any opinions being offered.

ANSWER: At this time, all witnesses identified by Plaintiff.

26. Are you claiming any lost income, benefits, earning capacity, future earnings, or other costs, expenses, and damages? If yes, then identify all claimed losses and the total amount of income, benefits, earning capacity, and other damages you have lost and how the amounts were calculated.

ANSWER: Plaintiff objects pursuant to Fed. R. 33 in that only 25 interrogatories are allowed.

Dated: 4 February 2021

Respectfully Submitted,
KYUNG PALMER

By: /s/ Jeanette Samuels

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KYUNG PALMER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 20 cv 2603 |
| | ) |
| CITY OF MARKHAM and TERRY WHITE, | ) Judge Gottschall |
| | ) |
| Defendants. | ) |

## VERIFICATION

I, KYUNG PALMER, swear under penalty of perjury that the foregoing answers are true and accurate to the best of my knowledge and belief.

*/s/ Kyung Palmer*